In the Matter of IRVING PERELSTEIN, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 24, 1979

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Peter F. Tortorici* of counsel), for petitioner.

*Demov, Morris, Levin & Shein (A. David Benjamin, Joel J. Spector* and *Arthur Birnbaum* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on April 26, 1939. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm in part and disaffirm in part the findings of the Referee. The respondent submitted a memorandum in opposition to petitioner's motion.

Respondent was charged with six allegations of misconduct, among which were: converting clients' funds, failing to maintain an escrow account and issuing bad checks; fraud, deceit, misrepresentation and conduct prejudicial to the administration of justice; conflict of interest; neglecting and failing to respond to the inquiries of a client; attempting to impede and obstruct the investigation of a complaint by the Grievance Committee of the Brooklyn Bar Association; and failing to cooperate with the petitioner herein in its investigation of various complaints.

The Referee sustained charges one, two, three, five and six, and dismissed charge four which alleged neglect and failing to respond to the inquiries of a client.

As to the fourth charge, respondent admitted that he was retained by a client, received $300 and thereafter commenced an action and received a notice of appearance, answer and demand for a bill of particulars from the defendant in the action. The client testified that respondent requested that he provide certain photographs in order to prove the damages sustained; that he obtained the services of a photographer and provided the photographs respondent requested; that thereafter respondent failed to contact him despite continuous telephone calls over a period of four years to respondent; and that he ultimately retained another attorney to get his money back from the respondent. After the retention of the new attorney the client learned for the first time, from the new attorney, that a counterclaim had been asserted by the defendant in the amount of $10,000. After learning of the counterclaim, the client declined to proceed with the action. We find the testimony of the client to be credible and therefore agree with petitioner that the fourth charge of misconduct should be sustained.

After reviewing all of the evidence we are in agreement with the Referee as to his sustaining charges one, two, three, five and six, but, as noted above, we disagree with his failure to sustain charge four. We therefore grant petitioner's motion to confirm the Referee's findings, sustaining charges one, two, three and six and to disaffirm his findings dismissing charge four. Charge four is sustained. Although petitioner failed to move as to charge five, we confirm the Referee's findings sustaining charge five.

In determining an appropriate measure of discipline we have taken into consideration a prior disciplinary proceeding against the respondent wherein he received a private censure.

Under the circumstances, we conclude that the respondent should be and he is hereby disbarred from further practice of law and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and O'CONNOR, JJ., concur.